# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2025

Lyle W. Cayce
Clerk

———————

No. 25-60258

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Mickey Doster,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-82-1

———————————————————

Before Clement, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Mickey Doster was convicted for possessing a weapon as a felon, in violation of 18 U.S.C. § 922(g)(1). He had previously been convicted for business burglary, grand larceny, and motor vehicle theft. He challenges his conviction, arguing that § 922(g)(1) is impermissibly vague. Because he has not shown that § 922(g)(1) is vague in his case, and his other challenges are foreclosed by circuit precedent, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60258

## I.

Doster was indicted for possessing a weapon as a felon, in violation of 18 U.S.C. § 922(g)(1).  Doster had been previously convicted for business burglary, grand larceny, and motor vehicle theft.

Doster moved to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment as applied to him, as well as on its face.  Doster also argued that § 922(g)(1) is unconstitutionally vague and violates the Equal Protection Clause and the Commerce Clause.  The district court rejected all of Doster's arguments.  Doster then pled guilty pursuant to a plea agreement that preserved his right to appeal his constitutional claims.

This timely appeal followed.  Doster argues that his conviction under § 922(g)(1) facially violates the Second Amendment and as applied to him.  Doster also argues that § 922(g)(1) violates the Commerce Clause and the Equal Protection Clause, and that it is void-for-vagueness.

As Doster admits, his Second Amendment arguments and his Commerce Clause argument are foreclosed by precedent.  *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024) (holding that § 922(g)(1) does not facially violate the Second Amendment, and that those convicted of motor vehicle theft may be permanently disarmed under the Second Amendment); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (holding that § 922(g)(1) does not violate the Commerce Clause).  Additionally, since Doster filed his initial brief, our court has issued a published decision that forecloses his Equal Protection challenge.  *See United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025) (per curiam) (holding that § 922(g)(1) does not violate equal protection).  Therefore, only Doster's vagueness argument remains.

No. 25-60258

## II.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). "Vagueness doctrine is an outgrowth . . . of the Due Process Clause of the Fifth Amendment." *United States v. Williams*, 553 U.S. 285, 304 (2008). "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.*

In the criminal context, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975).

There is a "strong presumptive validity that attaches to an Act of Congress." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). "[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *Id.* Therefore, "a defendant whose conduct is clearly prohibited cannot be the one making [a vagueness] challenge." *United States v. Thomas*, 877 F.3d 591, 599 (5th Cir. 2017) (citation omitted). Rather, the defendant must first show that "the statute is vague *in his case*." *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).

3

Doster does not argue that § 922(g)(1) "grants too much enforcement discretion to the Government. We therefore address only whether the statute provides a person of ordinary intelligence fair notice of what is prohibited." *Holder v. Humanitarian L. Project,* 561 U.S. 1, 20 (2010) (cleaned up).

Doster argues that § 922(g)(1) fails to provide this fair notice because *Diaz* requires courts to engage in historical-analogical reasoning to determine whether a particular predicate felony can be grounds for disarmament under the Second Amendment, and so a "person of ordinary intelligence" could not determine "what is prohibited." *Id.*

Doster's argument fails. When a defendant challenges a statute as void for vagueness, the threshold question is whether "the statute is vague *in his case.*" *Clark*, 582 F.3d at 614. Even if we were open to the suggestion that *Diaz* could potentially render § 922(g)(1) unconstitutionally vague, it was not vague in *this* case: Doster has previously been convicted of motor vehicle theft, and that is the same predicate crime affirmed in *Diaz* as valid for a § 922(g)(1) conviction. *Diaz*, 116 F.4th at 468–69.

In response, Doster suggests in his reply brief that the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), makes § 922(g)(1) unconstitutionally vague. But Doster makes no showing that *Bruen* made § 922(g)(1) vague in his case. He asserts only that § 922(g)(1) is vague in general. Without more, his vagueness claim fails.

We affirm.